UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ISABEL MARROQUIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-cv-00091 |
| | § | |
| WALMART INC., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

The Court now considers Plaintiff's "Motion for Leave to File Amended Pleading."[1] Plaintiff is admonished to follow Local Rules 10.1 and 38.1 and Federal Rule of Civil Procedure 7(b)(2) in her motions. Defendant has not filed a response and the time for doing so has passed, rendering Plaintiff's motion unopposed by operation of this Court's Local Rule.[2] After considering the motion, record, and relevant authorities, the Court **GRANTS** Plaintiff's motion.

### I. BACKGROUND

This is a personal injury case. Plaintiff alleges that she entered a Rio Grande City Wal-Mart Supercenter in October 2021 and slipped on a faulty front entrance rug.[3] Plaintiff commenced this case in Texas state court in December 2021.[4] Defendant removed the case to this Court in March 2022.[5] This Court held that it has jurisdiction and issued a Federal Rule of Civil Procedure 16(b) scheduling order on May 3, 2022.[6]

---

[1] Dkt. No. 5.
[2] LR7.4 ("Failure to [timely] respond to a motion will be taken as a representation of no opposition.").
[3] Dkt. No. 1-2 at 2, ¶¶ 7–8.
[4] *Id.* at 1. This Court previously relied on Defendant's notice of removal's attached state court docket sheet to state that this case commenced in October 2021, Dkt. No. 7 at 1 & n.2, but that docket sheet is from a different case. *See* Dkt. No. 1-1.
[5] Dkt. No. 1.
[6] Dkt. No. 7.

Plaintiff filed her motion for leave to file an amended complaint on April 14th,[7] and the motion ripened on May 5th.[8] Plaintiff seeks the Court's leave to amend her complaint. The Court turns to the analysis.

## II. Discussion

### a. Legal Standard

Federal Rule of Civil Procedure 15(a)(1) permits one pleading amendment as a matter of course within twenty-one days after initially serving it or twenty-one days after service of a responsive pleading or certain motions, whichever is earlier. Because Plaintiff served her complaint and Defendant answered in December 2021,[9] more than twenty-one days have passed and Plaintiff "may amend [her] pleading only with the opposing party's written consent or the court's leave."[10] Because Plaintiff lacks Defendant's written consent,[11] Plaintiff requires the Court's leave to amend her complaint.

Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires."[12] "[T]he language of this rule 'evinces a bias in favor of granting leave to amend.'"[13] "Leave to amend is in no way automatic, but the district court must possess a 'substantial reason' to deny a party's request for leave to amend."[14] To ascertain whether a substantial reason to deny a request for leave to amend exists, courts in the Fifth Circuit examine five factors: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue

---

[7] Dkt. No. 5.
[8] LR7.3.
[9] Dkt. Nos. 1-2 and 1-4.
[10] FED. R. CIV. P. 15(a)(2).
[11] *See* Dkt. No. 5 at 3.
[12] FED. R. CIV. P. 15(a)(2).
[13] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)).
[14] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 993 (5th Cir. 2005)).

prejudice to the opposing party, and 5) futility of the amendment."[15] A plaintiff's failure to avail of earlier opportunities to amend favors denial of leave to amend.[16] The rules governing pleading amendment also "do not require that courts indulge in futile gestures,"[17] so the Court need not grant leave to file a proposed amendment that is futile because it would fail to survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss.[18] Absent any of these factors, however, leave to amend should be freely given.[19] Ultimately, "[w]hether leave to amend should be granted is entrusted to the sound discretion of the district court."[20]

b. Analysis

Plaintiff only briefly argues that the Court should permit her leave to amend because "the amended pleading will clarify Plaintiff's demand for damages and the procedural rules under which this case is brought."[21] The proposed amendment is therefore more technical than substantive, as it does not substantively modify Plaintiff's factual allegations or cause of action.[22] Plaintiff's motion for leave to amend also comes very early in this case, before the Court issued its discovery schedule,[23] and before the parties accomplished any discovery at all.[24] Again, Defendant does not oppose Plaintiff's leave to amend.[25]

---

[15] *Smith*, 393 F.3d at 595.
[16] *Quintanilla v. Tex. Television Inc.*, 139 F.3d 494, 499 (5th Cir. 1998) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1139 (5th Cir. 1992)); *accord Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982)) ("A litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant.").
[17] *United States ex rel. Jackson v. Univ. of N. Tex.*, 673 F. App'x 384, 388 (per curiam) (quoting *DeLoach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1968) (per curiam)).
[18] *Marucci Sports*, 751 F.3d at 378.
[19] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[20] *Quintanilla*, 139 F.3d at 499 (quotation omitted); *see SMH Enters. v. Krispy Krunchy Foods, L.L.C.*, No. CV 20-2970, 2022 WL 497527, at *3–4 (E.D. La. Feb. 2, 2022).
[21] Dkt. No. 5 at 2, ¶ 3.
[22] *Compare* Dkt. No. 1-2 at 2–3, ¶¶ 7–16, *with* Dkt. No. 5-1 at 2–3, ¶¶ 5–14.
[23] *Compare* Dkt. No. 5, *with* Dkt. No. 7.
[24] *See* Dkt. No. 6 at 3, ¶¶ 9–10.
[25] *See supra* note 2 and accompanying text.

Accordingly, none of the warning factors weigh against permitting amendment. There is no apparent undue delay or dilatory motive; this is Plaintiff's first amendment and Plaintiff has not previously failed to cure a pleading deficiency; Defendant does not complain of and the Court does not identify any prejudice to Defendant by allowing the amendment; and the amended pleading does not appear on its face to be, and is not challenged as, futile.

### III. Conclusion and Holding

For the foregoing reasons, the Court holds that leave to amend is warranted and **GRANTS** Plaintiff's motion for leave to file her amended complaint.[26] The Court **ORDERS** the Clerk of the Court to immediately file "Plaintiff's First Amended Complaint"[27] as a separate docket entry, which will be treated as Plaintiff's live pleading.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 9th day of May 2022.

_____
Micaela Alvarez
United States District Judge

---

[26] Dkt. No. 5.
[27] Dkt. No. 5-1.